■ The People of the State of New York, Respondent, v George Cobb, Appellant. [638 NYS2d 305] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered January 4, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The record does not support defendant's claim that the officer tailored his testimony to meet constitutional objection (see, People v Garafolo, 44 AD2d 86, 88).

The jury verdict was not against the weight of the evidence. The police witness adequately explained any inconsistencies regarding the testimony at the hearing. Defendant's other arguments are based on mere speculation. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.

■ Delvin Sweeney, Appellant, v Future Ambulette et al., Respondents. [638 NYS2d 613] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered December 20, 1994, which denied plaintiff's motion to dismiss defendant Seneca Home Attendant Program's first affirmative defense of limited liability under CPLR article 16, unanimously affirmed, without costs.

In this action for personal injuries, Seneca's employee, who was plaintiff's home attendant, was merely a passenger in the ambulette in which plaintiff was being transported, and was therefore not "using" the vehicle within the meaning of the exception to limited liability, for jointly liable defendants contained in CPLR 1602 (6). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.